Good morning, everyone. We have a very full calendar today, so we're asking everyone to please be mindful of your time. You will be held strictly to the amount of time that's been allotted. If you do not reserve any time for rebuttal, if you use all of your time, there will be no additional time allocated. So be very mindful of your time. With that in mind, the cases will be called in the order listed on the docket. The first case, Chang v. Bundy, and Maria Flores v. Bundy, the second case, have been submitted on the briefs. The first case on calendar for argument is United States v. Yates. Counsel? Good morning, Your Honors. Good morning. May it please the Court, Robin Packle representing Defendant Appellant Darnico Yates. I'd like to reserve three minutes for rebuttal, and I will keep an eye on the clock. All right. Unless the Court prefers otherwise, I'll start with the argument about the third point for acceptance of responsibility. The District Court found that Mr. Yates was entitled to the third point. Mr. Yates offered a timely conditional plea, and as the District Court found at sentencing, quote, the only reason we had a bench trial at all in this matter is because the government asked for it. That's at ER 10 to 11. So, Counsel, I have one question for you on this point. Is it your position that Espinoza, Cano, and Johnson are no longer good law in this circuit? That is correct, at least with respect to the issues that are presented in this appeal. Okay. Because you would agree that if they were good law, it would preclude your argument here. I believe if the guidelines still read to not preclude denial of the third point for a defendant's refusal to waive appeal, which was at the heart of Mr. Yates's third point argument, I think that we would have a problem, certainly, and that that perhaps would preclude his argument here. But the guideline has been amended twice materially on this issue since Espinoza, Cano, and Johnson to address specifically this issue of whether the government can refuse the third point because a defendant declined to waive the right to appeal. In the amendment 775 from 2013, the Sentencing Commission resolved a circuit split on the issue, and it specifically included Johnson as a case on the side that it resolved the circuit split against. And I think that's a pretty clear indication that, at least on the issue of waiver of the right to appeal, that Johnson, under the current version of the guideline, is no longer good law for that point. But the guideline today still says that the government has to move, correct? Correct. The guideline still says there must be a government motion. This court has repeatedly stated that if the government's refusal to move is improper, then the court can grant it sui sponte. So what does improper mean under our case law? Well, the pre-existing case law had been, if it's an unconstitutional motion, sorry, unconstitutional motive or arbitrary, and arbitrary had been read to include an interest not identified in the guideline. I mean, we're working under this guideline scheme. The guideline defines the third point when it's proper to grant it and withhold it. And the guideline very clearly now in the last sentence defines preparation for trial as not including waiver of the right to appeal. So it would be improper under the text of the current version of the guideline for the government to withhold the third point because the defendant refused to waive appeal. So it's your argument that the fact that the government had to prepare for trial is no longer a relevant consideration? I agree. My position is that it is sort of irrelevant. I mean, we have the district. It's irrelevant? It is irrelevant. Yes. So what do you base that on? The fact that the government had to prepare is now irrelevant. What are you basing that on? So we have a district court factual finding that it was the government's decision that there was a trial at all in this case. Had there been no trial, there would have been no preparation. And what the guideline says, it predicates the third point is, is the defendant timely notifying the government of the intention to plead guilty. There's no question that Mr. Yates' notification was timely and thereby permitting the government to avoid trial preparation. Mr. Yates' offer for a conditional plea very shortly after this court remanded on the government's appeal permitted the government to avoid preparing for trial. The government could have agreed to the conditional plea. So, counsel, is it your position that any time the defendant offers to allow the government to avoid trial, the government is then required to move for the third point? Is that your argument? I think it is a factually, there may be circumstances in which the defendant didn't move timely enough, in which there was some reason to believe that the defendant's reason for seeking a conditional plea was not genuine. I mean, there's no dispute here that Mr. Yates wanted to preserve his constitutional challenges. And I will just note that at the time all of this happened, we were waiting for this court's en banc decision in Duarte. So the Second Amendment issue was very alive. And that was throughout the entirety of the remand to the time he filed his notice of appeal. That was an open question in this circuit. Do you agree that that's no longer open, right? It's foreclosed right now? I do not agree. I think the Supreme Court has not weighed in on the- But let me repeat, it's foreclosed under Duarte as is? Yes, yes. Duarte issued the day after Mr. Yates filed his notice of appeal, and that is settled in this circuit. Trying to think where I am. So if we accepted your position that it was error for the district court not to impose the third, reduce by the third point, isn't it harmless error? Because the district court explicitly considered that factor in sentencing and imposing a lower sentence. It's not harmless in this case, Your Honor. The government has not shown that it was more probable than not on this record that the error did not affect the sentence. And both the Supreme Court in Molina-Martinez and this court in, for example, Dominguez-Casado have held sentencing guideline calculation errors to a very high standard. They're sort of presumptively harmful. And what we're talking about here is an error in the calculation of a guideline. The guideline would have been one level lower. And the district court said nothing at sentencing that indicated it would have given the same sentence regardless. And even in those situations, this court has held that the error in a guideline calculation was not harmless. But the district court looked at a number of factors in giving Mr. Yates the below guideline sentence. Certainly, the refusal to move for the third point was one of them. But there were at least three others that the district court specified. It didn't say, oh, I'm giving him three months for the government's refusal to move for the third point. I don't think on this record and given the case law from this court and the Supreme Court surrounding harmless error for guideline calculation errors that the government has carried its burden of showing harmlessness. I believe I, unless there are further questions, I will reserve my last two minutes. All right. Thank you, counsel. Thank you. We'll hear from the government. Good morning, Your Honors, and may it please the court. My name is Ross Mazur, and I represent the United States. Starting with 3E1.1B, the defense argument fails for three main reasons. First, Yates never gave notice that he intended to plead guilty, timely or otherwise. His offer of a conditional plea, which he had no right to and which the government never offered, is not a notice of intent to plead guilty. Second, the government had to prepare for trial and in fact, had to conduct that trial. The commentary to the guideline says that the government is in the best position to determine if the defendant has assisted authorities in a way that have allowed the government to avoid preparing for trial. Here it didn't. Those commentaries, they're not passed by Congress, right? The commentary is not passed by Congress, but it's been considered as binding in this court's case law, including Espinoza-Cano. And I think the same commentary is relied on by the defense. The third reason the defense argument fails is because the rhetoric about appeal waivers is simply a red herring. This is not a Saúl Gallegos-type case where the government conditioned the third point motion on the defendant surrendering the remaining appellate rights. Here the government withheld the motion for exactly the reason it said it did in the sentencing memo, because Yates made the government, or because the government had to prepare for trial and then conduct that trial. Does the government believe that Espinoza-Cano or Johnson have been questioned or overruled by subsequent amendments to the guidelines? Almost all of Espinoza-Cano survives the amendments to the guidelines. Specifically, that 3E1.1b is a government motion provision, that it's reviewed under the deferential standard articulated in the Supreme Court's decision in Wade, that the government's decision not to file a motion is reviewed for an impermissible motive or an arbitrary government action. And that impermissible motive, only discrimination based on race or religion? Is there anything more that would be included within that? I mean, they're claiming an impermissible motive here by sort of forcing a hand to waive your appellate rights. Why wouldn't that be impermissible motive? I think the court can review the decision to withhold the third point to determine if the government withheld that motion on the condition that Yates waive his appellate rights, but that's not really what happened here. That the review is for the government's motivation. And so the question is, why the government withheld the third point motion? And it wasn't on that invalid basis. The government didn't ask Yates to give up his appellate rights. It withheld the motion for the reason it said it did in its sentencing memo, because it had to prepare for trial and then it had to conduct that trial. So this is- What's your response to opposing counsel's observation that the district court found that the only reason the government had to go to trial was because the government elected to go to trial? What's your response? The district court made the observation that if the government had taken the conditional plea, then there wouldn't have been a trial. I think that maybe the district court wanted to do that. It didn't find that the government was obligated to do that and the court correctly recognized that it wasn't able to award the third point without a government motion. An offer to accept the conditional plea to which the defendant has no right is not a timely notice of an intention to plead guilty. If it were, then it would just- It would write out upon the government's motion provision from the text of the guideline and it would mean that any time the defendant offered a plea to the most favorable terms, whether that's a conditional plea or a plea on the condition that the government agrees to recommend, say one day in jail, then the third point would be automatically required. So counsel, is it your position that the only way the defendant can satisfy this requirement is to plead guilty without any conditions? Is that your argument? Well, a plea bargain is certainly possible, but I think on the text of the guideline itself, the guideline contemplates an intention, a notice of intention to plead guilty. What does that look like in your view? What would satisfy that in your view? A guilty plea and one that's timely enough for the government to avoid having to prepare for trial. Both this court's case law and the guidelines contemplate that the phrase timely notice of an intention to plead guilty will entail an actual guilty plea. Espinoza-O'Connor says that specifically and the guideline clearly works on that assumption because it only talks about avoiding preparing for trial rather than conducting the trial itself. There would be no need to draw that distinction unless the notice of intent to plead guilty entailed an actual guilty plea. How close to trial was the notice, for lack of a better term, given that the defendant wanted to make a conditional guilty plea? How close to trial was that? The defendant's suggestion that he would be willing to accept the conditional plea came shortly after the remand following the interlocutory appeal in this case. And after that, the government had to expend resources over a fairly compressed timeline from November 2024 through January 2025, preparing for trial. Most of that preparation, by the way, would have been necessary whether the government did a fully stipulated bench trial or a mostly stipulated bench trial. Status conferences, exhibit lists, meeting with its witnesses to try to write down the testimony that the defendant would presumably stipulate to, and then working that out with the defense. The defendant also continued to litigate the case through requests for Giglio and Henthorne material. And then at the time of the trial, the defense counsel was careful not to concede more than was strictly necessary and even refused to accept the obvious inference that when a gun was found on the person of the six-year-old, it was the defendant who had put it there, especially after the defendant had sent a text message to his mother that the gun was located on the six-year-old boy. So I think the rhetoric about an appeal waiver is simply a red herring. That's not why the government declined to move for the third point in this case. Unless the court has further questions, we would ask you to affirm the sentence. Thank you, counsel. Thank you. Your bottle. Yes, just a few quick points. First of all, I'd like to point out that in this court's opinion in Espinoza-Cano, which has been at least strongly discredited by the subsequent amendments to the guidelines, the court talked about the connection between conditional plea and waiver of appeal in the context of the third point. And it said, and I'm paraphrasing here, that the reason why the government can refuse a third point based on a conditional plea, a defendant's offer or conditional plea, is that the government would have to prepare for the appeal. And that's exactly, I think, kind of what we're getting at here. What's underlying this case is conditional plea goes to the waiver of appellate rights. Second of all, I would point out that this court in an unpublished memorandum in Velasco, which I believe was from 2021 and cited in the briefs, did assess the quality of the government's preparation for trial or asserted preparations for trial in determining whether the third point was correctly denied. It found that in that case, excuse me, in that case, the government had in fact prepare for trial, but that question is not immune from this court. And finally, it's well-established since Johnson, again, on other grounds discredited, but that the district court can sui sponte award the third point if it finds that the government properly- Are there any other circuits that have addressed this question post the amendments and looked at the issue in Espinoza, Cano and Johnson? Your Honor, I'm not familiar. I believe the parties, both parties focused their cases on this court's opinions. Counsel, is it your position that the government did not prepare for this case? I think its preparations were minimal if you actually look at what it did. It's defense counsel who prepared the stipulations there on our letterhead. Once the government said initially that it was going to call a witness, it was the defense that followed the district's policies for getting Henthorne Giglio. I don't know that the government had to do anything in response to that. It was a subpoena to the San Pablo Police Department based on the government's initial indication that it was going to call the officer as a witness. So there were preparations that a new attorney had to learn the case. I don't think that had anything to do with Mr. Yates. But again, it all could have been avoided as the district court failed. All right, counsel. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: RAWLINSON, NELSON, BADE